# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| TRENA YVETTE LIDGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20-cv-00233-LSC-HNJ |
| ETOWAH COUNTY DETENTION CENTER, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER OF DISMISSAL

On May 14, 2020, the magistrate judge ordered the plaintiff to file an amended complaint, setting forth specific claims by specific individuals, which she believed violated her constitutional rights. (Doc. 11). When the plaintiff failed to comply with or otherwise respond to that order, the magistrate judge entered a report on June 24, 2020, recommending this action be dismissed without prejudice due to the plaintiff's failure to prosecute. (Doc. 12). Although the plaintiff was advised of her right to file specific written objections within fourteen days, no objections have been received by the court, and the copy of the report and recommendation served on the plaintiff at her address of record has been returned to the court marked "Release," and "Return to Sender." (Doc. 13).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the magistrate judge's report is

ADOPTED and the recommendation is ACCEPTED. Accordingly, the court ORDERS that this action is DISMISSED WITHOUT PREJUDICE due to the plaintiff's failure to prosecute.

For information regarding the cost of appeal, see the attached notice.

DONE and ORDERED on July 21, 2020.

L. Scott Coogler
United States District Judge

160704

**United States Court of Appeals**
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith                                                                 In Replying Give Number
Clerk of Court                                                                 of Case and Names of Parties

### NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that <u>all</u> prisoners pay the Court's $500.00 docket fee plus $5.00 filing fee (for a total of $505.00) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1)  Pay the total $505.00 fee to the clerk of the district court from which this case arose; *or*

(2)  arrange to have a prison official certify to the district court from which the appeal arose the <u>average</u> monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the <u>average</u> monthly deposits or of the <u>average</u> monthly balances shown in your prison account. The remainder of the total $505.00 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10.00. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $505.00 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $505.00 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $505.00 fee is collected, even if an appeal is unsuccessful.

                                                                            David J. Smith
                                                                            Clerk of Court

                                                                            PLRA Notice